OPINION. Tietjens, Judge: The first question is whether the petitioner’s debenture notes issued on December 31, 1943, under the circumstances herein and outstanding in the face amounts of $251,600 at the close of 1944 and $250,400 at the close of 1945, constituted an “indebtedness” within the meaning of section 23 (b), Internal Revenue Code,[1] so that the petitioner’s payments of $15,096 in 1944 and $15,060 in 1945 as interest thereon are deductible under that section. The respondent concedes, for the purposes of this proceeding, that there was a reorganization pursuant to which the petitioner was organized on December 31, 1943, and on the same date acquired all of the tangible and intangible assets of the Old Company and Photo Company as the successor corporation. Respondent finds no fault with and makes no argument as to the validity and bona tides of petitioner’s issuance of 10,064 shares of its capital stock of the par value of $100,640 in connection with the reorganization. Further, with reference to the $251,600 face value debentures respondent concedes that in form and terminology they appear to be negotiable promissory interest bearing notes. However, respondent argues that the terminology is not controlling because the debentures were not issued against either borrowed money or assets of any value received by petitioner, but, instead, were issued without consideration and against an arbitrary write-up of good will and circulation from the amount of $4,000 as carried on the Old Company’s books to $286,838.74 as set up on petitioner’s books. Respondent contends that the debentures, which in his view were issued without consideration, did not represent an “indebtedness,” within the meaning of the Code, and that the payments denominated interest thereon were, in fact, distributions of dividends on securities in the nature of preferred stock. Petitioner contends that in both form and substance the petitioner’s debentures constituted an indebtedness for Federal tax purposes, that is, an unconditional and legally enforceable obligation for the payment of money. Both parties recognize the issue to be essentially one of fact and their well-prepared briefs indicate the difficulty of reconciling results reached in cases dealing with apparently similar fact situations. The debentures provided that petitioner for value received acknowledged itself to be indebted and promised to pay the owner a stated principal sum of money on a fixed maturity date with interest payable semiannually at the rate of 6 per cent per annum until paid in full. The debentures contained no limitation, qualification, or condition upon payment of principal or interest, or the source of the funds for such payments and contained no voting or proprietary interest usually associated with shares of stock in a corporation. On petitioner’s books the debentures were carried as a liability under the heading of “Long Term Notes” and the semiannual 6 per cent payments thereon were treated as interest paid. Aside from respondent’s concession as to the form of the debentures, and based upon our findings herein and applicable prior cases,[2] we conclude that petitioner’s debentures in fact created a debtor-creditor relationship— unless it may be said that such relationship should not be recognized for Federal tax purposes because the debenture issue wholly lacked substance in that it was without consideration, as argued by respondent. In the instant case the reorganization which brought petitioner into being was essentially a recapitalization of the newspaper business which petitioner’s predecessor, the Old Company, had acquired in 1919 and built up through the succeeding years with, tangible and particularly intangible asset values far in excess of the cost basis thereof reflected on the latter’s books. The uncontradicted testimony of well qualified witnesses in support of the appraised fair market value of the Old Company’s net assets as of December 31,1943, establishes to our satisfaction that such value was at least equal to the amount of the stock and debentures issued by petitioner. Accordingly, we conclude that the petitioner’s debentures in the face amount of $251,600 were issued for value received. The conclusions reached in this and the next preceding paragraph are the reasons for our finding of fact that the petitioner’s debenture notes constituted evidences of that corporation’s indebtedness in the face amount thereof during the taxable years. On the first question we hold that petitioner is entitled to the deductions claimed for interest paid on its debentures outstanding in the taxable years 1944 and 1945. Toledo Blade Co., 11 T. C. 1079, affd. 180 F. 2d 357, certiorari denied October 19, 1950. On this issue re-: spondent erred. The second question is whether, in determining the petitioner’s average invested capital including borrowed invested capital, under the applicable provisions of the Internal Kevenue Code, for excess profits tax purposes for the years 1944 and 1945, the above-mentioned debenture notes constitute ^Borrowed Capital” within section 719 of the Code[3] in effect for those years. The respondent makes the same contention on this question as on the first question. Our conclusion on the first question brings the petitioner’s outstanding debenture bonds squarely within the .express statutory provision of section 719 (a) (1), that borrowed capital includes “The amount of the outstanding indebtedness * * * of the taxpayer which is evidenced by a bond, note, * * * debenture, * * *” On the second question we sustain petitioner’s contention and hold that respondent erred in denying its claimed borrowed capital for excess profits tax purposes for 1944 and 1945. The third question presented herein is whether the asserted deficiency of $4,559.94 in excess of profits tax for 1942, representing the amount of excess profits tax deferred by petitioner by reason of the application of section 710 (a) (5) of the Internal Revenue Code,[4] constitutes a “deficiency” for that year within section 271 of the Code. The term “deficiency” is defined by section 271 (a) prior to amendment by section 14 of the Revenue Act of 1944, as meaning, the amount by which the tax imposed by chapter 1 of the Code exceeds the amount shown as the tax by the taxpayer upon his return, and was made applicable to excess profits taxes imposed by chapter 2 of the Code by section 729 (a). Section 710 (a) (5) specifically provides, “For the purposes of section 271, if the [excess profits] tax payable is the tax so reduced [by the deferment], the tax so reduced shall be considered the amount shown on the return.” (Emphasis added.) The statutory language is clear in providing that to the extent that the deferred tax is later determined to be correctly imposed, it shall be considered as being in excess of the tax shown on the return and thus constitutes a “deficiency.” In the instant case a claim for relief under section 722 was filed by the Old Company thus making applicable the provision of section 710 (a) (5) for the deferment. Petitioner conceded at the hearing that this claim was rejected. Accordingly, the reason for the deferment no longer exists and the amount of the deferment having been determined as correctly imposed, it constitutes a deficiency in excess profits tax for 1942. This conclusion is in accordance with the principles announced in California Vegetable Concentrates, Inc., 10 T. C. 1158, wherein the section 722 claim was still pending. On the third question respondent’s determination is sustained. Decision will be entered under Rule 50. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: [[Image here]] (b) Intbkdst. — All interest paid or accrued within the taxable year on indebtedness. * * * Kelley Co. v. Commissioner, 326 U. S. 521, affirming 1 T. C. 457; Commissioner v. Hood & Sons, Inc., 141 F. 2d 467, affirming 1 T. C. 1214; Lansing Community Hotel Corporation, 14 T. C. 183, affirmed 187 F. 2d 487; Pierce Estates, Inc., 16 T. C. 1020 (appealed C. A. 3,10/12/51) ; and Clyde Bacon, Inc., 4 T. C. 1107. SEC. 719. BORROWED INVESTED CAPITAL. (a) Borrowed Capital. — The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following: (1) The amount of the outstanding indebtedness (not including interest) of the taxpayer which is evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust, plus, ******* (b) Borrowed Invested Capital. — The borrowed invested capital for any day of any taxable year shall be determined as. of the beginning of such day and shall be an amount equal to 50 per centum of the borrowed capital for such day. SEC. 710. IMPOSITION OF TAX. (a) Imposition.— (1) General role. — There shall be levied, collected, and paid, for each taxable year, upon the.adjusted excess-profits net Income, as defined in subsection (b), of every corporation (except a corporation exempt under section 727) a tax * * * »»*»*** (5) Deferment of payment in case of abnormality. — If the adjusted excess profits net income (computed without reference to section 722) for the taxable year of a taxpayer which claims on its return, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, the benefits of section 722, is in excess of BO per centum of its normal tax net income for such year, computed without the credit provided in section 26 (e) (relating to adjusted excess profits net income), the amount of tax payable at the timé prescribed for payment may be reduced by an amount equal to S3 per centum of the amount of the reduction in the tax so claimed. For the purposes of section 271, if the tax payable is the tax so reduced, the tax so reduced shall be considered the amount shown on the return. Notwithstanding any other provision of law or rule of law, to the extent that any amount of tax remaining unpaid pursuant to this paragraph is in excess of the reduction in tax finally determined under section 722, such excess may be assessed at any time before the expiration of one year after such final determination.